Richard L. **HEIDMAN,** Plaintiff,

v.

**UNITED STATES of America et al.,** Defendant.

Civ. A. No. C76–117.

United States District Court,
N. D. Ohio, E. D.

May 20, 1976.

Burt J. Fulton, Gallagher, Sharp, Fulton, Norman & Mollison, Cleveland, Ohio, for plaintiff.

Frederick M. Coleman, U. S. Atty., N. D. Ohio, Joseph A. Cipollone, Asst. U. S. Atty., N. D. Ohio, Cleveland, Ohio, for defendants.

## ORDER

KRUPANSKY, District Judge.

This is an action instituted pursuant to 28 U.S.C. §§ 1331 and 1361, seeking preliminary injunctive relief, damages and a writ of mandamus directing plaintiff's promotion to the rank of Brigadier General in the Army Reserve. Defendant opposes the Motion for Preliminary Injunction, and has moved to dismiss the Complaint, or in the alternative for summary judgment.

Specifically, plaintiff alleges that although he satisfied all requirements and was recommended for promotion to the rank of reserve Brigadier General he was denied promotion solely on the ground that he lacked a college degree. Plaintiff contends that a denial of promotion on this basis is not consonant with the requirements set forth in 10 U.S.C. § 3384 and the regulations promulgated thereunder, and violates the Due Process Clause of the Fifth Amendment of the Constitution. Plaintiff further asserts that a preliminary injunction should issue from this Court because the Reserve Colonel now occupying plaintiff's former position will be considered for promotion in May, 1976, and if he is promoted, there will no longer be a Reserve Brigadier General position into which plaintiff can be promoted.

The threshold issue for determination is the jurisdiction of this Court to decide the matter. The defendant urges that having failed to exhaust the available administrative remedies, plaintiff may not at this juncture invoke the jurisdiction of this Court. Plaintiff rejoins, asserting that there need be no exhaustion of remedies where there is a federal question presented or where the delay in attempting to exhaust administrative remedies would be prejudicial or cause irreparable harm.

Attached to the responsive pleadings is an affidavit, defendants' exhibit "D", which reveals that plaintiff has not sought review of the order transferring him to the retired reserve before the Army Board for Correction of Military Records [hereinafter referred to as ABMCR] pursuant to 10 U.S.C. § 1552(c), 32 C.F.R. 581.3(b)(2), and that the issues raised in the Complaint would properly be within the statutory mandate of the ABMCR.

The doctrine of exhaustion of administrative remedies is premised on the notion that it is desirable to avoid premature interruptions of the administrative process in order to permit the agency involved to apply its expertise and discretion to develop a record that is a complete and final expression of the agency's interpretation of its own policies and regulations. *See, McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

The policy underlying the doctrine of exhaustion of administrative remedies finds particular applicability in cases involving issues of military promotion, given the judiciary's lack of expertise in areas of military judgment and its long-standing policy of non-intervention in internal military affairs. *See, Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Gilligan v. Morgan,* 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973).

Plaintiff contends that an appeal to the ABMCR would be "futile" and "ineffective", given plaintiff's particular position with regard to his promotion to the rank of Brigadier General in the Active Reserve.

While the Court is aware that the Boards for Correction of Military Records have been criticized by some as inadequate, *see,*

*Rew v. Ward,* 402 F.Supp. 331 (D.N.M. 1975), the Circuit Courts, including the Sixth Circuit Court of Appeals, have emphasized that the ABMCR is an important administrative component of the promotion system established by Congress. *See, Seepe v. Dept. of Navy,* 518 F.2d 760 (6th Cir. 1975); *Horn v. Schlesinger,* 514 F.2d 549 (8th Cir. 1975); *Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971). The ABMCR has authority to "consider all applications properly before it for the purpose of determining the existence of an error or injustice", and it may "correct an error or remove an injustice", 10 U.S.C. § 1552(a). As part of its remedial powers, the ABMCR has full authority to grant reinstatement and any back pay owing to a complainant as a result of "error" or "injustice". *See, Hodges v. Callaway,* 499 F.2d 417, 422 (5th Cir. 1974); *see also, Knehans v. Callaway,* 403 F.Supp. 290 (D.D.C.1975).

In a case such as this, where the question of standards for promotion of officers is entirely service-oriented, the development of a complete record by the military will serve the dual purposes of avoiding premature interruption of the administrative process and affording a reviewing court with a final interpretation of the law as applied to the facts. *See, Seepe v. Dept. of Navy, supra.*

Since further administrative remedies are available to plaintiff, the Court concludes that the Motion for Preliminary Injunction must be denied and that the action is dismissed without prejudice.

IT IS SO ORDERED.